UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00146-MR

| DENVER W. BLEVINS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| KENNETH DIGGS, et al., | ) |  |
| Respondents. | ) |  |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," [Doc. 2], and on Plaintiff's "Amendments to 2241-Petitioner For A Writ of Habeas Corpus," [Doc. 14]. Petitioner paid the $5.00 filing fee. [1/11/2021 Docket Entry].

**I.     BACKGROUND**

Petitioner Denver W. Blevins ("Petitioner) is a prisoner of the State of North Carolina. He was sentenced in the Superior Court of Randolph County, North Carolina, in 1994 to a life sentence on conviction for first-degree rape, burglary, and kidnapping. He has been incarcerated since that time. [See Doc. 2 at 1; NCDPS Offender Public Information website]. On May 7, 1998, Petitioner filed his first petition for relief under 28 U.S.C. § 2254.

[Civil Case No. 1:98-cv-00383-NCT, Doc. 2]. That action was dismissed with prejudice at summary judgment. [Id., Doc. 26]. Petitioner appealed, [Id., Doc. 29], and the Fourth Circuit denied a certificate of appealability and dismissed the appeal, [Id., Doc. 33].

On June 22, 2006, this Court entered a three-strikes Order under 28 U.S.C. § 1915(g) because Plaintiff had had at least three previous civil cases brought under 42 U.S.C. § 1983 dismissed for frivolousness. [Civil Case No. 3:06-cv-00258-GCM, Doc. 3]. Since then, Petitioner has filed at least three additional lawsuits under § 1983, all in the Middle District. These cases were dismissed as frivolous or for failure to follow procedure, as it does not appear that the Middle District was aware of this Court's three-strike order. [See Case Nos. 1:14-cv-00911-NCT-JEP, Doc. 6; 1:16-cv-01208-NCT-JEP, Doc. 13; and 1:19-cv-00558-NCT-JEP, Doc. 13].

On June 25, 2015, Petitioner filed a petition for writ of habeas corpus under § 2241 in the Eastern District. [Civil Case No. 5:15-hc-02134-BO, Doc. 1]. In that 47-page petition, plus 107 pages of exhibits, Petitioner asserted "the following issues: 1) wrongful calculation of petitioner points for parole eligibility; 2) false information and falsified records about petitioner's wife; 3) ineffective assistance of trial counsel; 4) prosecutors' misconduct and vindictive prosecution; 5) errors made by the trial court during trial and when

instructing the jury on the tainted evidence and false testimonies; and 6) ineffective assistance of appellate counsel." [Id., Doc. 7; see id. Docs. 1, 1-1]. Citing Petitioner's 1998 petition, the Court dismissed the petition as second or successive to the extent Petitioner challenged his conviction and noted that it need not consider any claims Petitioner brought under § 1983 because he "may only proceed under the three strike provision of 28 U.S.C. section 1915(g) by presenting imminent danger which he has not done." [Id., id. at n.1].

On January 4, 2021, Petitioner filed the instant petition, which he purports to bring under 28 U.S.C. § 2241, in the Middle District of North Carolina. [Doc. 2]. At the time he filed the instant petition, Petitioner was incarcerated at Sampson Correctional Institution ("CI") in Clinton, North Carolina, [Id. at 1], which is situated in the Eastern District of North Carolina. On May 24, 2021, Middle District Magistrate Judge Elizabeth Peake recommended that this action be transferred to the Eastern District because Petitioner "[t]o at least some extent, Petitioner appears to [invoke § 2241]" because Petitioner "attacks the execution and not the imposition of a sentence."[1]  [Doc. 5 at 1].

---

[1] The Magistrate noted that Petitioner also directly attacked his prior convictions and sentence and that such claims are not proper under § 2241 and would have to be brought under 28 U.S.C. § 2254. The Magistrate provided that because "the Court previously

3

Before the District Court ruled on the Magistrate's recommendation, Petitioner was transferred to Catawba Correctional Facility in Newton, North Carolina, which is situated in the Western District. [See Doc. 10]. On October 1, 2021, the Honorable N. Carlton Tilley, Jr., affirmed and adopted the Magistrate's recommendation, but amended it to transfer the case to the Western District because of Plaintiff's transfer. [Doc. 11].

The onus of Petitioner's claim is that his custody level, promotion status, and parole eligibility are being adversely affected by falsified records and false information from Petitioner's underlying criminal trial, as well as by fraud perpetrated by his previous correctional institutions. [See Doc. 2]. Petitioner claims that falsified records identify his wife "Freda A. Blevins AKA Smith"[2] as a victim of his state crimes of conviction, which are being used to calculate his custody level, promotion status, and parole eligibility. Petitioner further claims that several of the material facts supporting Petitioner's state convictions did not occur as stated in the "crime version." [See id. at 7-8].

---

denied a habeas petition under § 2254 in case 1:98CV383, Petitioner cannot bring another § 2254 action unless he first receives authorization for that petition from the United States Court of Appeals for the Fourth Circuit as required by 28 U.S.C. § 2244(b)(3)(A)." [Doc. 5 n.1].

[2] Plaintiff includes with his petition a copy of his marriage license. It reflects that Petitioner married Ms. Smith in 1985 in Virginia when Petitioner was just 20 years old and Ms. Smith was 51 years old. Ms. Smith would be 87 years old as of this Order. [Doc. 2 at 43]. Petitioner alleges that he has not seen Ms. Smith since he left Tazewell, Virginia in 1991 and that she does not know what Petitioner looks like. [Id. at 10].

Petitioner claims these falsified records and information are being improperly used to calculate Petitioner's custody level, promotion status, and parole eligibility.

Petitioner also alleges that prison officials at Pender CI, Warren CI, Craggy CI, Avery Mitchell CI, Columbus CI, Albemarle CI, Lincoln CI, and Catawba CI all conspired to defraud Petitioner, his wife, and other law enforcement "by illegally using an imposter to take on petitioners identify, falsely claiming that the imposter looked like the petitioner, falsely claiming that the imposter was the petitioners look a like, when the 'petitioner does not have a look alike.'" [Doc. 14 at 9]. It is unclear how Plaintiff believes this alleged used of any "imposter" has affected Petitioner's custody status or parole eligibility.

Plaintiff claims that his rights under the First, Fifth, Eighth, and Fourteenth Amendments have been violated. [See Doc. 2 at 8, 14]. For relief, Petitioner wants the Court to order that "all the false information and falsified records" and "the false and tainted information in the alleged crime version" … "be removed and expunge[d] from his prison records." [Id. at 17].

On October 19, 2021, Plaintiff filed "Amendments" to the instant petition in which he claims that he is "being held in the custody of Timothy-Mynor (Supt.) at Catawba Corrections without due process of law … [in] the

way his conviction and sentence is being carried out by the [NCDPS] and the Prison Administration." [Doc. 14 at 1-2]. Petitioner purports to make additional, but mostly repetitive, allegations supporting his previously asserted claims. Petitioner also purports to assert claims for ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and error by the trial court, all related to his state criminal proceeding. [Id. at 10-23].

## II.  STANDARD OF REVIEW[3]

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's petition to the extent it is brought under 42 U.S.C. § 1983. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Under 28 U.S.C. § 1915A, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. Section 1915(g) of the PLRA, however, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

---

[3] As explained below, the instant petition will be construed as one brought under 28 U.S.C. § 2254 and as a complaint under 42 U.S.C. § 1983.
6

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Rule 4 of the Rules Governing Section 2254 Proceedings, on the other hand, provides that courts are to promptly examine petitions and any attached exhibits to determine whether the petitioner is entitled to any relief on the claims set forth therein.

## III. DISCUSSION

To the extent Plaintiff challenges his conditions of confinement, that is, his custody status, his claim lies under 42 U.S.C. § 1983, not § 2241. See Sappleton v. Hogsten, No. 1:11-00552, 2014 WL 2565547, at *2 (S.D.W. Va. June 6, 2014) (construing petition filed under § 2241 as a Bivens action where federal prisoner argues that his custody classification is improperly calculated based on inaccurate information contained in this presentence report). In this regard, Plaintiff's allegations seem primarily grounded in the results of custody level hearings, the most recent of which occurred on December 18, 2018. Plaintiff alleges that he was recommended for honor grade, but that the Regional Director "turned down" that recommendation, using "an imposter and the false information and falsified records to deny petitioners custody levels without due process of law." [Doc. 2 at 6].

With this claim arising under 42 U.S.C. § 1983, the Court would typically consider whether it is properly brought in this District under 28 U.S.C. § 1391(b). Because Plaintiff has filed at least three actions under § 1983 that were dismissed as frivolous or for failing to state a claim, however, he cannot pursue a claim under § 1983 unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has made no such showing. Because transfer would be futile, the Court declines to transfer this action under 28 U.S.C. § 1406(a) and will dismiss it to the extent it is brought under § 1983.

Plaintiff also challenges the imposition of his state conviction and the execution of his state sentence.

> [W]hen a prisoner being held "pursuant to the judgment of a State court" files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 "and all associated statutory requirements" shall apply, regardless of the statutory label the prisoner chooses to give his petition.

In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (citations omitted). "Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." Id. Under § 2244(b)(3), the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," before filing a

8

second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner has already filed two previous habeas petitions, at least one of which raised the same issues as in this action, and he has failed to obtain authorization from the Fourth Circuit as required by 28 U.S.C. § 2244(b)(3)(A); see Wright, 826 F.3d at 779. This Court, therefore, lacks jurisdiction to consider Petitioner's habeas petition and will dismiss it without prejudice to seek the necessary authorization.[4]

## IV. CONCLUSION

For the reasons stated herein, Petitioner's petition, including any relevant amendments thereto, is denied and dismissed.

### ORDER

**IT IS THEREFORE ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus Under § 2241" [Doc. 2] is **DENIED** and **DISMISSED.**

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge

---

[4] The Court notes that it appears Petitioner's claims would be barred by the statute of limitations, in any event. See 28 U.S.C. § 2244(d)(1).